42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald R. ERNST, Petitioner-Appellant,
v.
Arnauld NEWTON, Judge and William Dressell, Judge,
Respondents-Appellees.
 No. 94-1308.
 United States Court of Appeals, Tenth Circuit.
 Dec. 5, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Petitioner-appellant Ronald R. Ernst appeals the dismissal of his 42 U.S.C.1983 suit against two state-court judges. The district court dismissed this suit pursuant to 28 U.S.C.1915(d). We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 2
 Mr. Ernst claims that two state-court judges violated his constitutional rights during the course of forfeiture proceedings following his arrest. His assertion that the defendants failed to meet state statutory deadlines, however, does not constitute a valid cause of action under 1983. A valid claim for purposes of 1983 requires the plaintiff to allege that the defendant deprived him of a right, privilege, or immunity secured by federal law while acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir.1992). Mr. Ernst's argument fails to clear this hurdle.
 
 
 3
 Moreover, the doctrine of judicial immunity operates to bar this action. When acting in an official capacity, a judge enjoys absolute immunity from civil rights suits for damages, the exception being when the judge acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.1994). As instructed in Sparkman, we assess whether a judge performed a "judicial" act or acted "in the clear absence of jurisdiction" by examining "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and [ ] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." 435 U.S. at 362. A review of the record reveals that both defendants performed functions normally associated with judging and that Mr. Ernst dealt with them in their judicial capacities at the time they allegedly violated his civil rights. The defendants therefore are immune from Mr. Ernst's suit.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument